IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELEANNA MAKRIS ANAGNOS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| MORGAN STANLEY & COMPANY, LLC ) | |
| ) | |
|     Defendant. ) | |

**VERIFIED PETITION FOR DISCOVERY PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 27**

    Plaintiff, ELEANNA MAKRIS ANAGNOS (hereinafter referred to as the "Plaintiff" or "Ms. Anagnos"), by and through her attorneys, FRANK J. DEL MEDICO, LTD., and seeks relief pursuant to Federal Rule Of Civil Procedure 27 for the deposition of the agents of the Defendant, MORGAN STANLEY & COMPANY, LLC (hereinafter referred to as "Morgan Stanley"), as set forth herein. In support thereof, Ms. Anagnos respectfully states as follows:

**JURISDICTION**

    1.    This Honorable Court has jurisdiction simply by virtue of Federal Rule Of Civil Procedure 27 as well as pursuant to 28 U.S.C. § 1332.

    2.    Plaintiff, ELEANNA MARKIS ANAGNOS, is a citizen of the State of Illinois.

    3.    Defendant, MORGAN STANLEY & COMPANY, LLC, is a foreign limited liability company authorized to do business in the State of Illinois. Morgan Stanley is the adverse party with its address being 233 South Wacker Drive, Suite 9200, Chicago, Illinois 60606. Its agents for purposes of this Verified Petition are Austin Cremins or Vincent Cioffi.

    4.    This action is brought pursuant to Federal Rule Of Civil Procedure 27, which provides in relevant part as follows:

    (a) BEFORE AN ACTION IS FILED.

1

(1) *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

(2) *Notice and Service.* At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.

(3) *Order and Examination.* If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

(4) *Using the Deposition.* A deposition to perpetuate testimony may be used under Rule 32(a) in any later-filed district-court action involving the same subject matter if the deposition either was taken under these rules or, although not so taken, would be admissible in evidence in the courts of the state where it was taken.

(b) PENDING APPEAL.

(1) *In General.* The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.

(2) *Motion.* The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:

2

(A) the name, address, and expected substance of the testimony of each deponent; and

(B) the reasons for perpetuating the testimony.

(3) *Court Order.* If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in a pending district-court action.

(c) PERPETUATION BY AN ACTION. This rule does not limit a court's power to entertain an action to perpetuate testimony.

## Background Facts

5. Ms. Anagnos is the only child of her father, IOANNIS MAKRIS (hereinafter referred to as "Mr. Makris"), a deceased individual who resided at the time of his death in Hellenic Republic, he had duly citizenship with both the United States Of America and the Hellenic Republic. The date of his death was on December 29, 2022, at which time he was seventy-two (72) years of age. He was then married to his third wife, EUGENIA BELOUS (hereinafter referred to as "Ms. Belous").

6. There is currently pending probate estates in both the Hellenic Republic and Republic of Moldova. Ms. Anagnos is actively participating in those proceedings and has been advised to file an action in the United States of America against Morgan Stanley to obtain the necessary information and documents regarding certain withdraws from Mr. Makris's account.

7. Mr. Markis accumulated significant wealth over his lifetime and certain of his assets were held by Morgan Stanley & Company, LLC.

8. On information and belief, and prior to January 2020, Mr. Makris's account with Morgan Stanley was valued at approximately $2.0 million. Ms. Belous was not a joint tenant on that account and Ms. Anagnos has no ownership information for that account.

9. In or about January 2020, Mr. Markis was began suffering from dementia and other illnesses that effected his cognitive abilities.

3

10. Commencing in January 2020 through the date of his death, there where withdraws from the account reducing the account from approximately $2.0 million to $200,000.00.

11. On November 9, 2023, Ms. Anagnos spoke with an agent of Morgan Stanley named AUSTIN CREMINS and was told by him that her father spoke about her often and opened his Morgan Stanley account in 2014 with a few million dollars in that account and began taking small withdraws in 2016.

12. On information and belief, the Morgan Stanley Account was to be gifted to Ms. Anagnos as his sole surviving child and daughter.

13. Austin Cremins stated to Ms. Anagnos that the withdraws began in 2020 but most of the withdraws reducing the account to approximately $200,000.00 occurred in 2022.

14. On November 20, 2023, Morgan Stanley's agent or employee, VINCENT CIOFFI, returned Ms. Anagnos's phone calls to the legal department and explained that Morgan Stanley did not recognize her ability to see any information and would only provide her with information regarding her father's account pursuant to a court order.

15. Ms. Anagnos has reason to believe that Morgan Stanley has breached its fiduciary duty to her father as well as her as intended third-party intended beneficiary and otherwise transferred assets from her father's estate without due diligence, investigation, or other concepts of law that are to be determined through discovery under Feder Rule of Civil Procedure 27.

16. It is her intention to bring claims against Morgan Stanley and its agent, AUSTIN CREMINS, as well as other unknown employees for breach of fiduciary duty or defalcation of her father's Morgan Stanley account, but Ms. Anagnos requests that she be able to perpetrate testimony through a deposition and production of documents, recordings, and other information in the possession of Morgan Stanley's agents or employees so that she can formulate her claims against Morgan Stanley – she seeks the records and file from inception

4

of the account until his death on December 29, 2022, including any estate-planning documents.

17. Ms. Anagnos seeks to obtain any and all account information regarding Mr. Markis's Morgan Stanley account or in which he was a trustee in that account from Austin Cremins, including, but not limited to, the documents between Morgan Stanley and Mr. Markis opening of the account, account terms and conditions for that account, any signature card(s), all account statements since inception of that account, and all written or oral recordings of any transaction(s) on that account. In the alternative, Ms. Anagnos seeks said deposition testimony from Vincent Cioffi as set forth in said paragraph.

WHERFORE, Plaintiff, ELEANNA MAKRIS ANAGNOS, prays that she is entitled to the following relief under Federal Rule Of Civil Procedure 27:

a. Granting her Verified Petition to perpetrate testimony against Morgan Stanley's agents Austin Cremins and Vincent Cioffi;

b. Enter an Order and Entry requiring that all documents or other recordings, whether written or oral, be produced prior to the deposition(s) as set forth herein on a date certain;

c. Enter an Order or Entry setting a mutually convenient time for all parties and counsel to complete the deposition(s);

d. For such other relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

/s/ Frank J. Del Medico, Esq.
ATTORNEY NUMBER: 6244449
FRANK J. DEL MEDICO, LTD.
2625 WEST BUTTERFIELD ROAD
SUITE 138S
OAK BROOK, ILLINOIS 60523
708-447-4300
FJDELMEDICOLAW@YAHOO.COM

## **VERIFICATION BY CERTIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure and 28 U.S.C § 1746, the undersigned certifies that the statement set forth in this Verified Petition are true and correct, except as to matters stated to be on information and belief, and, as to those matters, the undersigned certifies as stated that she verily believes them to be true.

I, ELEANNA MAKRIS ANAGNOS, hereby declares, certifies, and verifies under penalty of perjury that the foregoing is true and correct as set forth above on this 23rd day of April, 2023.

_____
Eleanna Markis Anagnos


ATTORNEY NUMBER: 6244449
FRANK J. DEL MEDICO, LTD.
2625 WEST BUTTERFIELD ROAD
SUITE 138S
OAK BROOK, ILLINOIS 60523
708-447-4300
FJDELMEDICOLAW@YAHOO.COM